**No. 26-1079**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

---

In re: CHEVROLET BOLT EV BATTERY LITIGATION

-------------------------

ROBIN ALTOBELLI, on behalf of themselves
and all others similarly situated, et al.
*Plaintiffs-Appellees*

YOUSEF ABED FARAH; CINDY LEGGETT;
AMELIA NATT OCH DAG
*Plaintiffs-Appellants*

v.

GENERAL MOTORS, LLC; LG CHEM LTD.; LG ENERGY
SOLUTION, LTD; LG ENERGY SOLUTION MICHIGAN,
INCORPORATED; LG ELECTRONICS, INC.; LG ELECTRONICS
USA, INC.
*Defendant-Appellees.*

---

On Appeal from the United States District Court for the Eastern
District of Michigan at Detroit, No. 2:20-cv-13256
The Honorable Terrence George Berg

---

**Appellants' Brief**

---

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 26-1079                    Case Name: ALTOBELLI, et al. v. GM

Name of counsel: Jordan G. Cohen

Pursuant to 6th Cir. R. 26.1, Cindy Leggett, Amelia Natt Och Dag, and Yousef Abed Farah
*Name of Party*
makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

No.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

No.

CERTIFICATE OF SERVICE

I certify that on _____ February 13, 2026 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Jordan G. Cohen

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

# TABLE OF CONTENTS

I.      STATEMENT IN SUPPORT OF ORAL ARGUMENT............................7

II.     STATEMENT OF JURISDICTION.......................................................8

III.    INTRODUCTION.................................................................................9

IV.     STATEMENT OF ISSUES...................................................................13

V.      STATEMENT OF THE CASE..............................................................14

VI.     SUMMARY OF ARGUMENT..............................................................20

VII.    STANDARD OF REVIEW...................................................................22

VIII.   ARGUMENT.........................................................................................22

   A. The District Court Abused Its Discretion in Denying Appellants'
   Motions for Good Cause Based on a Hyper-Technical
   Violation...........................................................................................22

      i.   Appellant's opt-out forms met the requirements of the Settlement
           Agreement and were, in fact, "personal
           signatures."...............................................................................25

      ii.  Electronic signatures are the "legal equivalents" of "wet ink"
           signatures..................................................................................28

   B. Notice of a "Wet Ink" Signature Requirement Was
   Inadequate........................................................................................29

   C. The District Court Abused Its Discretion in Finding that Appellants'
   Failure to Opt Out with a "Wet Ink" Signature Was Not "Excusable
   Neglect"............................................................................................35

IX.     CONCLUSION.....................................................................................41

X.      CERTIFICATE OF COMPLIANCE...................................................43

XI.     CERTIFICATE OF SERVICE.............................................................44

XII.    ADDENDUM: DESIGNATION OF DOCUMENTS.............................45

# TABLE OF AUTHORITIES

## *Cases*

*Branson v. All. Coal, LLC, No.* 4:19-CV-00155-JHM, 2021 WL 1996392 11, 28, 29

*Bazemore v. Papa John's U.S.A., Inc.*, 74 F.4th 795 (6th Cir. 2023) .................11, 29

*Bowman v. UBS Fin. Servs., Inc.*, 2007 WL 1456037 (N.D. Cal. May 17, 2007). 37, 38

*Crews v. Maxim Healthcare Servs., Inc.*, No. 21-CV-01019-STA-JAY, 2021 WL 2417732 (W.D. Tenn. June 14, 2021) ........................................................11, 29

*Frost v. Household Realty Corp.*, 61 F. Supp. 3d 740 (S.D. Ohio 2004) ............... 24

*Grunin v. Int'l House of Pancakes*, 513 F.2d 114 (8th Cir. 1975).......................... 30

*Hallie v. Wells Fargo Bank, N.A.*, No. 2:12-CV-00235-PPSCASE APR, 2015 WL 1914864 (N.D. Ind. Apr. 27, 2015) ........................................................ 10, 26, 40

*Hillson v. Kelly Services Inc.*, No. 2:15-CV-10803, 2017 WL 279814, (E.D. Mich. Jan. 23, 2017) ........................................................................................... 27

In *re Centurylink Sales Practices and Securities Litig.*, No. CV 17-2832, 2020 WL 3512807 (D. Minn. June 29, 2020) ............................................................ 10, 40

*In re Deepwater Horizon*, 819 F.3d 190 (5th Cir. 2016)....................... 10, 22, 23, 40

*In re Diet Drugs Products Liab. Litig.*, 92 Fed. Appx. 890 (3d Cir. 2004) ............ 38

*In re Dvi, Inc. Securities Litig.*, 2016 WL 1182062................................................ 38

*In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-MD-2800-TWT, 2020 WL 256132, (N.D. Ga. Mar. 17, 2020) ..................................................... 27

*In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288 (10th Cir.1974) .... 23

*In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 268 F.3d 627 (8th Cir. 2001) . 24

*In re Managed Care Litig.*, 605 F.3d 1146 (11th Cir.2010) ................................... 22

*In re O'Brien Envt'l Energy, Inc.*, 188 F.3d 116 (3d Cir.1999) ......................... 36, 37

*In re Painewebber Ltd. Partnerships Litig.*, 147 F.3d 132 (2d Cir.1998)............... 22

*In re Processed Egg Products Antitrust Litig.*, 130 F. Supp. 3d 945 (E.D. Pa. 2015) ...................................................................................................................... 37

*In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904 (N.D. Ill. 2022) ............................................................................................................. 11,27,28

*In re Turkey*, 2025 WL 1870729 ..................................................................... 38

*In re Vitamins Antitrust Class Actions*, 327 F.3d 1207 (D.C. Cir. 2003) ............... 36

*Jefferson v. Ingersoll Intern. Inc.*, (7th Cir. 1999) 195 F.3d 894 ........................... 30

*Jones v. U-Haul Co. of Massachusetts & Ohio Inc.*, 16 F. Supp. 3d 922 (S.D. Ohio 2014)...........................................................................................................11, 29

*Kalish v. Morgan Stanley & Co., LLC*, No. 1:22-CV-01412, 2023 WL 8018928 (N.D. Ohio Nov. 20, 2023)...........................................................................11, 29

*Moulton v. U.S. Steel Corp.*, 581 F.3d 344 (6th Cir. 2009)............................... 10, 40

*Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999).............................................. 12, 30

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985) ........................................................................................................... 30

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)... 12, 21, 36,

*Plummer v. Chem. Bank*, 668 F.2d 654 (2d Cir.1982) ........................................... 23

*Pratt v. Philbrook*, 109 F.3d 18 (1st Cir.1997)...................................................... 37

*Silber v. Mabon*, 18 F.3d 1449 (9th Cir.1994) ............................................... 22, 30

*UAW v. Gen. Motors Corp.*, No. 05-CV-73991-DT, 2006 WL 891151 (E.D. Mich. Mar. 31, 2006) ............................................................................................ 31, 32

*Statutes*

15 U.S.C. § 7001(a)(1)................................................................11, 28

28 U.S.C. § 1291 ............................................................................ 8

28 U.S.C. § 1332(d) ....................................................................... 8

*Rules*

Fed.R.Civ.P. 6(b) ......................................................................... 35

Fed.R.Civ.P. 60(b) .................................................................. 35, 36

*Other Authorities*

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure (1972 & 1986).................................................................................. 24, 30

# I. STATEMENT IN SUPPORT OF ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 27 and Sixth Circuit Rule 34, Appellants Yousef Abed Farah, Cindy Leggett, and Amelia Natt Och Dag (collectively, "Appellants") respectfully request that the Court hear oral argument in this matter.

Appellants believe that oral argument is appropriate in this matter because their appeal concerns a novel issue regarding the sufficiency of "out-out" notice to members of class and interpretation of the term "personally signed." Appellants are aware of no existing authority from a U.S. Circuit Court of Appeal that directly addresses this issue. Additionally, although the record is relatively limited, it is somewhat convoluted. Appellants believe that oral argument may assist the Court in navigating the complexities of the underlying record.

## II.  STATEMENT OF JURISDICTION

(A) The U.S. District Court had subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the underlying matter was a class action (U.S. District Court for the Eastern District of Michigan at Detroit, Case No. 2:20-cv-13256) in which the matter in controversy exceeded the sum of $5,000,000, exclusive of interest and costs, and there were 100 or more class members who are citizens of different states from the defendants.

(B) This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1291, as a final decision has been rendered in the underlying U.S. District Court matter.

(C) On December 22, 2025, the U.S. District Court ordered the underlying case dismissed with prejudice. Appellants filed a timely notice of appeal on January 20, 2026.

(D) This appeal is from the U.S. District Court's final order dismissing the underlying matter with prejudice.

## III. INTRODUCTION

This Appeal concerns a miscarriage of justice committed by the District Court. Appellants Yousef Abed Farah, Cindy Leggett, and Amelia Natt Och Dag (collectively, "Appellants") are owners of Chevrolet Bolt EV vehicles and Class Members in an underlying class action.[1] Appellants sought to opt out of the class settlement and submitted timely opt-out forms to the court-appointed settlement administrator (the "Settlement Administrator"). Appellants' opt-out forms met all of the requirements set forth in the class settlement agreement (the "Settlement Agreement").

The Settlement Administrator rejected Appellants' opt-out forms on the basis that they contained electronic signatures, even though none of the materials informing Appellants of the requirements to opt out of the class settlement – not a posted notice sent to Appellants, not a website set up to explain the settlement and opt-out procedures to Class Members, and not the Settlement Agreement itself – prohibited electronic signatures. When appellants challenged the determination of

---

[1] *In re Chevrolet Bolt EV Battery Litig.*, United States District Court, E.D. Michigan, Southern Division, Case No. 2:20-CV-13256-TGB-CI.

the Settlement Administrator by way of Motion(s) for Good Cause, the District Court denied their motions, finding that the Settlement Agreement required that opt-out forms be submitted with "physical" or "wet ink" signatures.

The District Court's determination was erroneous for several reasons. First, a "physical" or "wet ink" signature was not a requirement of the Settlement Agreement. The Settlement Agreement only required that "all requests for exclusion shall be in writing and shall be *personally signed* by the member of the settlement class who is opting out."[2] The term "personally signed" is not synonymous with a "wet ink" signature and in the context of class action opt-outs has a well-established meaning, distinguishing between an "individual" signature versus a "mass" opt-out form signed by counsel.[3] Accordingly,

---

[2] *See* Settlement Agreement, RE 157-2, Page ID # 9870 (emphasis added).

[3] *See Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 354 (6th Cir. 2009); *In re Deepwater Horizon*, 819 F.3d 190, 197 (5th Cir. 2016); I*n re Centurylink Sales Practices and Securities Litig.*, No. CV 17-2832, 2020 WL 3512807, at *3 (D. Minn. June 29, 2020); *Hallie v. Wells Fargo Bank, N.A.*, No. 2:12-CV-00235-PPSCASE APR, 2015 WL 1914864, at *4 (N.D. Ind. Apr. 27, 2015).

Appellants' opt-out forms – signed utilizing Dropbox Sign which included an electronic time stamp of their signature and indicated that they signed it using a unique IP address – *were* "personally signed."

Second, electronic signatures "are the legal equivalents" of handwritten signatures.[4] In this Circuit alone, electronic signatures have been determined to be valid in a variety of circumstances, including on arbitration agreements, employment contracts, and on opt-in forms for a collective FLSA action.[5] There is no reason – absent some unambiguous prohibition – why Appellants' electronic signatures should have been rejected.

Third, Appellants were not given adequate notice of the requirement of a "physical" or "wet ink" signature, which implicates traditional notions of

---

[4] *See, e.g., In re TikTok, Inc., Consumer Priv. Litig.,* 617 F. Supp. 3d 904, 932 (N.D. Ill. 2022), citing 15 U.S.C. § 7001(a)(1) (providing that in the commercial context, "a signature, contract, or other record relating to [a] transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form."

[5] *See Bazemore v. Papa John's U.S.A., Inc.,* 74 F.4th 795, 798 (6th Cir. 2023); *Kalish v. Morgan Stanley & Co., LLC,* No. 1:22-CV-01412, 2023 WL 8018928, at *3 (N.D. Ohio Nov. 20, 2023); *Crews v. Maxim Healthcare Servs., Inc.,* No. 21-CV-01019-STA-JAY, 2021 WL 2417732, at *3 (W.D. Tenn. June 14, 2021); *Jones v. U-Haul Co. of Massachusetts & Ohio Inc.,* 16 F. Supp. 3d 922, 934 (S.D. Ohio 2014); *Branson v. All. Coal, LLC, supra,* No. 4:19-CV-00155-JHM, 2021 WL 1996392, at *3.

due process.[6] Neither the posted notice to Appellants informing them of the class action settlement, nor the website setting forth the terms of the settlement, nor the Settlement Agreement itself – which required that opt-out forms be "personally signed" – would lead a reasonable person to determine that a "wet ink" signature was required.

Finally, given the inadequate and ambiguous notice provided to Appellants – who complied in all respects with the requirements to timely opt-out of the Class Settlement – the District Court abused its discretion in finding that Appellants had not met the elements of "excusable neglect" set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993).

Accordingly, Appellants respectfully request that this Court reverse the order of the District Court denying Appellants' Motion(s) for Good Cause and remand this matter back to the District Court with instructions that Appellants' opt-out forms be deemed valid.

---

[6] *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845–46 (1999).

## IV.  STATEMENT OF ISSUES

This Appeal presents the following issues for review by this Court:

(1)  Broadly, did the District Court abuse its discretion in denying the Motions of Appellants Yousef Abed Farah, Cindy Leggett, and Amelia Natt Och Dag (collectively, "Appellants") for good cause to have their opt-out forms deemed valid?

(2)  Did Appellants' opt-out forms meet the requirements of the Settlement Agreement?

(3)  Did Appellants' opt-out forms contain "personal signatures"?

(4)  Is there any legal distinction between a "personal signature" and electronic signature for the purpose of opting out of a class action lawsuit?

(5)  Were Appellants given adequate notice of the supposed requirement of a "wet ink" signature to opt out of the underlying class action lawsuit?

(6)  Did the U.S. District Court abuse its discretion in ruling that Appellants' failure to provide "wet ink" signatures on their opt-out forms did not constitute excusable neglect?

## V.  STATEMENT OF THE CASE

Appellants are owners of Chevrolet Bolt EV vehicles, manufactured by General Motors LLC ("GM").[7] Each of the Appellants has a pending action in the Superior Court of California.[8]

On December 11, 2020, Robin Altobelli and F. Dayle Andersen filed a class action complaint against GM in the United States District

---

[7] Ms. Dag is the owner of 2022 Chevrolet Bolt EV, VIN 1G1FY6S08N4118650 (Decl. of Amelia Dag, RE 244, Page ID # 12247); Mr. Farah leased a 2021 Chevrolet Bolt EV, VIN 1G1FY6S04M4108230 (Decl. of Yousef Farah, RE 241, Page ID # 12220); Cindy Leggett is the owner of a 2021 Chevrolet Bolt EV, VIN 161FY6S00M4112081. Decl. of Cindy Leggett, RE 247, Page ID # 12274.

[8] On May 31, 2024, Ms. Leggett filed an action against GM for breach of warranty in the Superior Court of California for the County of Ventura (Case No. 2024CUBC025562), regarding GM's failure to repair the Subject Vehicle's defective high voltage battery (Decl. of Cindy Leggett, RE 247, Page ID # 12274); On March 10, 2025, Mr. Farah filed an action against GM for breach of warranty in the Superior Court of California for the County of Orange (Case No. 30-2025-01465815-CU-BC-NJC), regarding GM's failure to repair the Subject Vehicle's defective high voltage battery (Decl. of Yousef Farah, RE 241, Page ID # 12220); On March 13, 2025, Ms. Dag filed an action against GM for breach of warranty in the Superior Court of California for the County of Sacramento (Case No. 25CV005975), regarding GM's failure to repair the Subject Vehicle's defective high voltage battery. Decl. of Amelia Dag, RE 244, Page ID # 12247.

Court for the Eastern District of Michigan (the "District Court"), Case No. 2:20-cv-13256. Complaint, RE 23, Page ID # 1-45.

On September 26, 2024, the District Court entered an order granting preliminary approval of a class settlement and provided Settlement Class Members with a deadline of February 24, 2025, to opt out. Order Granting Class Action Settlement, RE 174, Page ID # 10293-10314. As owners of Chevrolet Bolt EV vehicles, Appellants were Settlement Class Members. Decl. of Yousef Farah, RE 241, Page ID # 12220; Decl. of Amelia Dag, RE 244, Page ID # 12247; Decl. of Cindy Leggett, RE 247, Page ID # 12274.

Legal Notice(s) were provided to the Class Members informing them of the option to exclude themselves from the Settlement on or before February 24, 2025. Decl. of Cindy Leggett, RE 247, Page ID # 12277-12278; Settlement Agreement, RE 157-2, Page ID # 9846-9847. The Legal Notice directed Class Members to a website – www.BoltEVBatterySettlement.com, which contained the following opt-out procedures:

> ## 22. How can I exclude myself from the Settlement? —
>
> To exclude yourself from the Settlement, you must mail the Settlement Administrator a Request for Exclusion that contains the following information:
>
> (1) The name of the lawsuit: *In re Chevrolet Bolt EV Battery Litigation*, No. 2:20-13256-TGB-CI (E.D. Mich.);
> (2) Your full name, current address, and telephone number;
> (3) Your vehicle year and model;
>
> (4) Your vehicle's Vehicle Identification Number (VIN);
> (5) A clear statement of your intent to exclude yourself from the Settlement (for example, "Please exclude me from the Settlement"); and
> (6) Your signature and the date you signed it.
>
> You must send your Request for Exclusion postmarked no later than February 24, 2025 to the address below:
>
> *Chevy Bolt Battery Litigation* Settlement Administrator
> P.O. Box 301134
> Los Angeles, CA 90030-1134
>
> If you do not follow these procedures by the deadline to exclude yourself from the Settlement, you will remain a Class Member and lose any opportunity to exclude yourself from the Settlement. This means that your rights will be determined in this lawsuit by the Settlement Agreement if it receives final approval from the Court.

Settlement Agreement, RE 157-2, Page ID # 9838-9839.

Notably, neither the notices sent to Class Members nor the website established to inform them of the terms of the settlement and the requirements to opt-out mentioned anything about requirements of the *form* of the signature on the opt-outs – it merely informed them that a "signature" was required. *See* Settlement Agreement, RE 157-2, Page ID # 9750-9823.

Each of the Appellants signed a "Request for Exclusion" including (1) the name of the lawsuit; (2) their full name, current address, and telephone number; (3) the model and year of their vehicle; (4) their vehicle's VIN; (5) a statement of their intent to exclude themselves from the settlement; and (6) a dated electronic signature. Decl. of Yousef Farah, RE 241-1, Page ID # 12223;

Decl. of Amelia Dag, RE 244-1, Page ID # 12250; Decl. of Cindy Leggett, RE 247-2, Page ID # 12288.

Specifically, each of the Appellants signed a "Request for Exclusion" utilizing Dropbox Sign which included an electronic time stamp of their signature and indicated that they signed it using a unique IP address. Decl. of Yousef Farah, RE 241, Page ID # 12220; Decl. of Amelia Dag, RE 244, Page ID # 12247; Decl. of Cindy Leggett, RE 247, Page ID # 12274.

Appellants' Request[s] for Exclusion were mailed to the Settlement Administrator for this case prior to the February 24, 2025, deadline. Decl. of Cohen, RE 249, Page ID # 12323-12332.

Unbeknownst to Appellants, on August 16, 2024, Individual Class Members had filed a Motion to Allow Electronic Opt Outs. Motion to Allow Electronic Opt Outs, RE 167, Page ID # 10160-10180. On October 28, 2024, the District Court denied this motion. Order Denying Movants' Motion to Allow Electronic Opt-Outs, RE 177, Page ID # 10319-10329. In denying the Motion to Allow Electronic Opt Outs, the District Court recognized that "requiring class members to mail in personally signed requests for exclusion is a well-established practice," *id.* at Page ID # 10326, that "the requirement of a physical signature is the best way to guarantee that any opt-out requests

17

reflect individualized and considered decisions before actually doing so and trading a certain right to meaningful recovery for the uncertainty of individual litigation or arbitration," *id.* at Page ID # 10328, and that the physical signature requirement "guards against 'mass opt-outs,' which the Settlement Agreement expressly prohibits." *Ibid.*

On May 13, 2025, the Settlement Administrator filed a declaration with a Report on Exclusion Requests Received To Date. Decl. of Lana Cooper, RE 198, Page ID # 10747-10780. An Amended Exclusion Report was filed on May 23, 2025, concluding that 1,827 of the 2,930 requests for exclusion it received were valid. Decl. of Lana Cooper, RE 201, Page ID # 10848-10882.

On May 29, 2025, the District Court entered a Stipulation and Order regarding procedures for challenging the determination of validity of requests for exclusion. Stip. Re: Procedures for Challenging Validity of Requests for Exclusion, RE 203, Page ID # 10886-10894.

Pursuant to that Order, on July 10, 2025, each of the Appellants filed a Motion for Good Cause (the "Motion(s) for Good Cause") explaining why their opt-outs should be treated as valid. Farah's Motion for Good Cause, RE 237, Page ID # 12152-12159; Dag's Motion for Good Cause, RE 243, Page ID # 12238-12245; Leggett's Motion for Good Cause, RE 246, Page ID # 12265-

12273. Each of the Motion(s) for Good Cause was supported by a declaration of the Appellants and an omnibus declaration of their counsel, Jordan G. Cohen. Decl. of Yousef Farah, RE 241, Page ID # 12220; Decl. of Amelia Dag, RE 244, Page ID # 12247; Decl. of Cindy Leggett, RE 247, Page ID # 12274; Decl. of Cohen, RE 249, Page ID # 12323-12332.

On July 31, 2025, Defendants filed a Response to numerous motions for good cause. Joint Omnibus Opposition to Motions Challenging Invalidity of Requests for Exclusion, RE 271, Page ID # 12954-13750.

On October 17, 2025, the District Court entered an Order denying – in summary fashion[9] – Appellants' Motion(s) for Good Cause.[10] Order Re: Movants' Motions Challenging Invalidity of Requests for Exclusion, RE 287, Page ID # 14299-14326. Amongst other things, the District Court based its

---

[9] For instance, the District Court did not mention Appellants by name or address the arguments in their briefing. Appellants were merely lumped in with other class members under the heading "No Personal Signature/Electronic Opt-Out Requests." Order Re: Movants' Motions Challenging Invalidity of Requests for Exclusion, RE 287, Page ID # 14319-14325.

[10] The District Court determined that the oral argument would "not aid in its disposition of the motions." Order Re: Movants' Motions Challenging Invalidity of Requests for Exclusion, RE 287, Page ID # 14301.

decision on the fact that the issue had been "expressly addressed and ruled upon by the court"[11] and therefore "[would] not be reconsidered." *Id.* at Page ID # 14320. The District Court also found that, notwithstanding that the notice sent to Class Members and the corresponding website said nothing about a "wet ink" signature, the Class Members had sufficient notice because the website referred Class Members to the Settlement Agreement for its "complete terms." *Ibid.* Finally, the District Court founds that the "electronic-signature Movants" – presumably, including Appellants – "failed to show excusable neglect justifying submission of late opt-out requests." *Id.* at Page ID # 14322. For the reasons set forth in this Brief, Appellants respectfully disagree with the District Court's determination.

## VI. SUMMARY OF ARGUMENT

Appellants argue that the District Court abused its discretion in denying their Motions for Good Cause for the following reasons:

---

[11] The District Court was presumably referring to its Order Denying Movants' Motion to Allow Electronic Opt-outs (Order Denying Movants' Motion to Allow Electronic Opt-Outs, RE 177, Page ID # 10319-10329), which was heard before Appellants even received notice of the Class Action Settlement.

(1)     The sole reason for the District Court's denial of Appellants' Motions for Good Cause was their failure to provide "wet ink" signatures on their opt-out forms;

(2)     Neither the notice to Appellants, nor the Settlement Agreement itself required a "wet ink" signature; rather it required the opt-out forms to be "personally signed" by Appellants, a requirement that they complied with as they opted-out using electronic signatures that were *personal* and were tied to individual IP addresses;

(3)     There is, in fact, no legal distinction between an electronic signature and a "wet ink" signature;

(4)     The notice provided to Appellants was inadequate and therefore did not comport with traditional principles of due process because no reasonable person could determine that a "wet ink" or "physical" signature was required; and

(5)     The District Court abused its discretion in finding that Appellants' failure to provide a "wet ink" signature on their opt-out forms was not "excusable neglect" pursuant to the factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993).

## VII. STANDARD OF REVIEW

The appropriate standard of review for a district court's determination of whether a member of a class action has opted out is abuse of discretion. *See In re Deepwater Horizon*, 819 F.3d 190, 195 (5th Cir. 2016); *In re Managed Care Litig.*, 605 F.3d 1146, 1150 (11th Cir.2010) (reviewing "denials of requests for extensions of time to opt out and denials of assertions of judicial estoppel under the abuse-of-discretion standard"); *In re Painewebber Ltd. Partnerships Litig.*, 147 F.3d 132, 135 (2d Cir.1998); *Silber v. Mabon*, 18 F.3d 1449, 1453 (9th Cir.1994) (reviewing the denial of a motion to opt out for an abuse of discretion).

However, the sufficiency of the class action notice should be reviewed *de novo. Silber v. Mabon, supra,* 18 F.3d at p. 1453 (9th Cir.1994).

## VIII. ARGUMENT

### A. The District Court Abused Its Discretion in Denying Appellants' Motions for Good Cause Based on a Hyper-Technical Violation

The District Court abused its discretion in denying Appellants' Motions for Good Cause because their out-out forms met all of the requirements of the Settlement Agreement. There are two reasons for this: (1) Appellants'

signatures *were* "personally signed"; and (2) electronic signatures are legally equivalent to "wet ink"[12] signatures.

As a preliminary matter, numerous appellate courts have considered whether some particular action by an individual constituted an adequate request for exclusion. *See, e.g., In re Deepwater Horizon*, 819 F.3d 190, 195 (5th Cir. 2016); *Plummer v. Chem. Bank*, 668 F.2d 654, 657 n. 2 (2d Cir.1982); *In re Four Seasons Securities Laws Litigation*, 493 F.2d 1288 (10th Cir.1974).

A central theme animating these cases is that "considerable flexibility" should be used in determining what constitutes an effective out-out. *In re Four Seasons Securities Laws Litig., supra,* 493 F.2d at p. 1291. Thus, a "reasonable indication of a desire to opt out" is sufficient as "flexibility is desirable in determining what constitutes an expression of a class member's

---

[12] The term "wet ink" was not used in the Settlement Agreement, the notice to Class Members, or the website explaining the terms of the settlement. *See* Settlement Agreement, RE 157-2, Page ID # 9750-9823. Evidently, it was first used in the Individual Class Members' Motion to Allow Electronic Opt Outs (Motion to Allow Electronic Opt Outs, RE 167, Page ID # 10164) and reiterated in the District Court's Order Regarding Movants' Motions Challenging Determination of Invalidity of Requests for Exclusion. Order Re: Movants' Motions Challenging Invalidity of Requests for Exclusion, RE 287, Page ID # 14319.

desire to exclude [themselves]." *Ibid.* Indeed, "any written evidence" of an effective expression of a class member's desire to be excluded from a class settlement should suffice. *Frost v. Household Realty Corp.*, 61 F. Supp. 3d 740, 746 (S.D. Ohio 2004), citing 7B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1787 (2d ed.1986).

District Courts therefore have the discretion to "disregard certain hyper-technical violations of [their] orders" in order to promote the "interests of justice." *In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 268 F.3d 627, 635 (8th Cir. 2001), *vacated sub nom. Henderson v. Gen. Am. Life Ins. Co.*, 536 U.S. 919 (2002).

This is surely a case where the "interests of justice" favor disregarding a "hyper-technical" violation. Here, Appellants indisputably provided a "reasonable indication of a desire to opt out" of the Class Settlement. Their "Request(s) for Exclusion" complied with all of the terms of the Settlement Agreement, including the requirement of a "personal signature," albeit in electronic form. Decl. of Yousef Farah, RE 241-1, Page ID # 12223; Decl. of Amelia Dag, RE 244-1, Page ID # 12250; Decl. of Cindy Leggett, RE 247-2, Page ID # 12288. The District Court abused its discretion in failing to treat Appellants' "Request(s) for Exclusion" as valid out-outs.

i. Appellant's opt-out forms met the requirements of the
Settlement Agreement and were, in fact, "*personal*
*signatures*."

The first thing to be examined is the District Court's construction of the
Settlement Agreement's requirement that requests for exclusion be
"personally signed" by class members.

The District Court's determination that "personally signed" opt-out
form means one with a "wet ink" signature is wholly unfounded. Order Re:
Movants' Motions Challenging Invalidity of Requests for Exclusion, RE 287,
Page ID # 14319. The applicable authorities – including those cited by the
District Court[13] – indicate that the requirement of "personally-signed" opt-
out forms has nothing to do with "wet ink" and everything to do with whether
the request to opt-out is signed by the class member, rather than by *someone*
*else* on behalf of the class member.

---

[13] The District Court's Order Regarding Movants' Motions
Challenging Determination of Invalidity of Requests for Exclusion
contained no authority construing validity of opt-out forms as the
District Court refused to "[reconsider]" its prior ruling. Order Re:
Movants' Motions Challenging Invalidity of Requests for Exclusion, RE
287, Page ID # 14320. The citations addressed in this section were
relied on by the District Court in its ORDER Denying Movants's
Motion to Allow Electronic Opt-outs. Order Denying Movants' Motion
to Allow Electronic Opt-Outs, RE 177, Page ID # 10319-10329.

Take, for example, *Hallie v. Wells Fargo Bank, N.A.*, No. 2:12-CV-00235-PPS, 2015 WL 1914864 (N.D. Ind. Apr. 27, 2015), in which a U.S. District Court dismissed a plaintiff's claim for her failure to properly opt out of a class action. In that case, the plaintiff/class member violated the terms of the settlement agreement because her out-out form was not "personally signed," but rather signed by her attorney on her behalf. *Id.* at *4. As observed by the *Hallie* court, the purpose of requiring class members to sign, as opposed to their counsel, reflects dual interests: defendant's interest in assuring that the class member *themselves* does not wish to be bound by the settlement and the court's interest in avoiding mass out-outs. (*Ibid.*)

Neither of those interests were infringed by Appellants' out-out forms which were, in fact, *personally* signed by Appellants using Dropbox Sign, a secure service that allows for electronic signatures via an *individual* IP address. Decl. of Yousef Farah, RE 241, Page ID # 12220; Decl. of Amelia Dag, RE 244, Page ID # 12247; Decl. of Cindy Leggett, RE 247, Page ID # 12274.

The other cases supporting the District Court's denial of the motion to allow electronic opt-outs[14] are similarly inapposite:

---

[14] *See* Order Denying Movants' Motion to Allow Electronic Opt-

*Hillson v. Kelly Services Inc.*, No. 2:15-CV-10803, 2017 WL 279814, (E.D. Mich. Jan. 23, 2017), merely approved an opt-out procedure in which class members were required to submit a written notice with a signed statement. *Id.* at \*130 However, there was no requirement for "physical signature." *Ibid.* In fact, the opt-out procedure included an ability for class members to submit *online* opt-out forms, which conceivably involved electronic signatures. *Ibid.*

Similarly, the Order in *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-MD-2800-TWT, 2020 WL 256132, (N.D. Ga. Mar. 17, 2020), *aff'd in part, rev'd in part and remanded*, 999 F.3d 1247 (11th Cir. 2021), merely approved of an "individual signature" requirement, saying nothing about whether the "individual signature" could be submitted in electronic form. *Id.* at \*26.

Another case cited by the District Court, *In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904 (N.D. Ill. 2022), actually supports Appellants' position. In that case, the Northern District of Illinois disapproved of out-out forms submitted "*en masse*" by counsel, while *approving* of the submission of electronically-signed out-out forms which it

---

Outs, RE 177, Page ID # 10319-10329.

determined to be the "legal equivalents" of handwritten signatures. *Id.* at p. 932.

Accordingly, contrary to the interpretation of the District Court, there is no authority equating a "personal signature" with a "wet ink" or "physical" signature.

ii.  Electronic signatures are the "legal equivalents" of "wet ink" signatures.

The District Court also abused its discretion in rejecting authority holding that electronic signatures "are the legal equivalents" of handwritten signatures. *See, e.g., In re TikTok, Inc., Consumer Priv. Litig., supra,* 617 F. Supp. 3d at p. 932, citing 15 U.S.C. § 7001(a)(1) (providing that in the commercial context, "a signature, contract, or other record relating to [a] transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form"; *see also, Branson v. All. Coal, LLC*, No. 4:19-CV-00155-JHM, 2021 WL 1996392, at \*3 (W.D. Ky. May 18, 2021) (holding that "[t]he law typically draws no distinction between handwritten and electronic signatures.").

In 2026 (as in 2025), electronic signatures are *de rigueur*. For instance, in this Circuit, courts have consistently upheld the validity of electronic

signatures in a variety of circumstances, including in arbitration agreements (*Bazemore v. Papa John's U.S.A., Inc.*, 74 F.4th 795, 798 (6th Cir. 2023); *Kalish v. Morgan Stanley & Co., LLC*, No. 1:22-CV-01412, 2023 WL 8018928, at *3 (N.D. Ohio Nov. 20, 2023); *Crews v. Maxim Healthcare Servs., Inc.*, No. 21-CV-01019-STA-JAY, 2021 WL 2417732, at *3 (W.D. Tenn. June 14, 2021)); in employment agreements (*Jones v. U-Haul Co. of Massachusetts & Ohio Inc.*, 16 F. Supp. 3d 922, 934 (S.D. Ohio 2014); and in opt-in forms for a collective FLSA action (*Branson v. All. Coal, LLC, supra,* No. 4:19-CV-00155-JHM, 2021 WL 1996392, at *3). There are many more examples. To conclude, as the District Court did, that electronic signatures are distinct from "wet ink" signatures is anachronistic and against the grain of holdings in this Circuit and beyond.

### B. Notice of a "Wet Ink" Signature Requirement Was Inadequate

Additionally, there is reason to quibble with the District Court's determination that Appellants "had more than sufficient notice regarding the requirements for submitting a valid request for exclusion."

While there appears to be scant authority addressing the adequacy, specifically, of opt-out provisions of a class action notice, the Court's analysis

here should be guided by traditional notions of due process[15] and reviewed *de novo. Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S. Ct. 2965, 2974, 86 L. Ed. 2d 628 (1985); *Silber v. Mabon*, 18 F.3d 1449, 1453 (9th Cir. 1994).

The hallmark of such analysis is reasonableness. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120–21 (8th Cir. 1975) (citing 7A C. Wright and A. Miller, Federal Practice and Procedure, Civil s 1797 at 237 (1972). Accordingly, in this section Appellants examine the question, "Did the notice procedures provided to class members reasonably apprise them of the requirement of a 'wet ink' signature?" Appellants think not.

The District Court's finding that a valid out-out requires a "physical signature" is not something that is apparent either from the Settlement

---

[15] As observed by the Supreme Court of the United States, "the certification of a mandatory class followed by settlement of its action for money damages obviously implicates the Seventh Amendment jury trial rights of absent class members" and "compromises their Seventh Amendment rights without their consent." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845–46 (1999). Accordingly, "principles of sound judicial management, and constitutional considerations (due process and jury trial), all lead to the conclusion that in actions for money damages class members are entitled to personal notice and an opportunity to opt out." *Jefferson v. Ingersoll Intern. Inc.* (7th Cir. 1999) 195 F.3d 894, 897 (citing *Ortiz v. Fibreboard Corp., supra,* 527 U.S. at pp. 845–46).

Agreement itself,[16] nor from the Legal Notice provided to Appellants (nor from the website setting forth the requirements from the out-out). *See* Settlement Agreement, RE 157-2, Page ID # 9750-9823. None of these documents would lead a reasonable person to determine that a "physical signature" or "wet ink signature" is required for a valid out-out.

In denying Appellant's Motions for Good Cause, the District Court reasoned that Appellants had adequate notice that electronic signatures were not permitted because the Settlement Agreement distinguished between the terms "imaged signatures" and "personal" signatures. Order Re: Movants' Motions Challenging Invalidity of Requests for Exclusion, RE 287, Page ID # 14321. It is far from reasonable to expect a class member – or even counsel representing a class member – to parse the 70-page Settlement Agreement and reach this conclusion.

Additionally, the facts of this case are distinct from those of *UAW v. Gen. Motors Corp.*, No. 05-CV-73991-DT, 2006 WL 891151 (E.D. Mich. Mar. 31, 2006), the case relied on by the District Court to support its position that "[c]lass members are not expected to rely upon the notices as a complete

---

[16] *See* the argument above regarding the ambiguous nature of the term "personally signed."

source of settlement information." In *UAW v. Gen. Motors Corp.*, the class members "received the full Settlement Agreement as part of the notice." *Id.* at *33.

Such was not the case here, where the class members received a posted notice with *no reference* to the Settlement Agreement referring them to the website https://www.boltevbatterysettlement.com/. Decl. of Cindy Leggett, RE 247, Page ID # 12277-12278; Settlement Agreement, RE 157-2, Page ID # 9846-9847. That website, in turn, does contain a proviso that "[i]f you wish to obtain more detailed information, you may review the Settlement Agreement, which contains the complete terms of the Settlement." Settlement Agreement, RE 157-2, Page ID # 9844. However, this language is *buried* at the bottom of a 38-point section entitled "Frequently Asked Questions." The "Frequently Asked Questions" section contains nearly 5,000 words and if printed at size 12 font would extend to more than 13 single-spaced pages. Settlement Agreement, RE 157-2, Page ID # 9834-9844. (The reference to the Settlement Agreement is included in Question No. 38, entitled "Where can I get more information?") *Id.*, RE 157-2, Page ID # 9844. What is more, each "Frequently Asked Question" must be opened individually (one-by-one) by the user by clicking on the number of the

question. *See* https://www.boltevbatterysettlement.com/frequently-asked-questions.aspx.

This "Frequently Asked Questions" portion of the website also contains the instructions for opting-out of the class under section no. 22, entitled "How can I exclude myself from the Settlement?" This section reads as follows:

22. How can I exclude myself from the Settlement?    —

To exclude yourself from the Settlement, you must mail the Settlement Administrator a Request for Exclusion that contains the following information:

(1) The name of the lawsuit: *In re Chevrolet Bolt EV Battery Litigation*, No. 2:20-13256-TGB-CI (E.D. Mich.);
(2) Your full name, current address, and telephone number;
(3) Your vehicle year and model;

(4) Your vehicle's Vehicle Identification Number (VIN);
(5) A clear statement of your intent to exclude yourself from the Settlement (for example, "Please exclude me from the Settlement"); and
(6) Your signature and the date you signed it.

You must send your Request for Exclusion postmarked no later than February 24, 2025 to the address below:

*Chevy Bolt Battery Litigation* Settlement Administrator
P.O. Box 301134
Los Angeles, CA 90030-1134

If you do not follow these procedures by the deadline to exclude yourself from the Settlement, you will remain a Class Member and lose any opportunity to exclude yourself from the Settlement. This means that your rights will be determined in this lawsuit by the Settlement Agreement if it receives final approval from the Court.

*See* Settlement Agreement, RE 157-2, Page ID # 9838-9839.

There are no instructions here directing Class Members to read the Settlement Agreement nor notifying them of a "wet ink" signature requirement. To expect a Class Member to continue past this section for opt-out instructions, opening each and every "Frequently Asked Question" until

33

arriving at the ultimate "Where can I get more information?" (No. 38) *and then* to read the 70-page Settlement Agreement[17] *and then* to interpret the Settlement Agreement's ambiguous requirement of a "personally signed" out-out to be referring to a "wet ink" signature is beyond all earthly logic.[18]

The District Court bolstered its denial of Appellants' Motions for Good Cause with its finding that a "majority of the opt-out requests were submitted correctly to the Settlement Administrator." Order Re: Movants' Motions Challenging Invalidity of Requests for Exclusion, RE 287, Page ID # 14321. But this was a slim majority indeed. According to the Declaration of the Settlement Administrator, Lana Cooper, only 62% of the out-outs received were deemed valid. *See* Decl. of Lana Cooper, RE 201, Page ID # 10849 (providing that only 1,827 of 2,930

---

[17] Which requires only that "all requests for exclusion shall be in writing and shall be personally signed by the member of the settlement class who is opting out," conditions that Appellants complied with.[17] *See* Settlement Agreement, RE 157-2, Page ID # 9870; Decl. of Yousef Farah, RE 241, Page ID # 12220; Decl. of Amelia Dag, RE 244, Page ID # 12247; Decl. of Cindy Leggett, RE 247, Page ID # 12274.

[18] Appellants would strongly encourage the Court to visit the website and judge for itself whether it provides adequate notice to Class Members: https://www.boltevbatterysettlement.com/frequently-asked-questions.aspx

requests for exclusion were deemed valid). The record does not reveal how many of the 1,103 invalid out-outs were deemed so for failing to include "wet ink" signatures; however, we do know that 510 Class Members filed motions for good cause to have their electronic signatures deemed valid. *See* Joint Omnibus Opposition to Motions Challenging Invalidity of Requests for Exclusion, RE 271-8, Page ID # 13448-13449. That all of these 510 Class Members were represented by counsel is further evidence that the notice provided to Class Members was inadequate.

## C. The District Court Abused Its Discretion in Finding that Appellants' Failure to Opt Out with a "Wet Ink" Signature Was Not "Excusable Neglect"

The District Court also abused its discretion in summarily dispensing with Appellants' arguments that their opt-out forms should be deemed valid due to excusable neglect.

Rule 6(b) states that "the court for cause shown may at any time in its discretion ... permit the act to be done where the failure to act was the result of excusable neglect." Fed.R.Civ.P. 6(b). Additionally, Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a

35

party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, ... or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

The factors to consider when determining what kind of neglect will be considered "excusable" include: (1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). Failure to timely opt out of a class action has been considered "excusable neglect." *See In re Vitamins Antitrust Class Actions,* 327 F.3d 1207, 1209 (D.C. Cir. 2003).

Here, each of the *Pioneer* factors militate in favor of a finding of excusable neglect.

First, the parties opposing Appellants' attempt to opt out of the class would not be unduly prejudiced if Appellants' opt-out forms were deemed to be valid. The prejudice contemplated in the *Pioneer* factors "is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion

based on facts in evidence." *In re O'Brien Envt'l Energy, Inc.*, 188 F.3d 116, 127 (3d Cir.1999). Here, the "prejudice" supposedly suffered by the parties opposing Appellants' Motion(s) for Good Cause was based on principally on Defendants/Respondents' claim that they would be "require[d]" to devote additional resources to claims they 'reasonably understood were foreclosed' by prior Court orders." Joint Omnibus Opposition to Motions Challenging Invalidity of Requests for Exclusion, RE 271-8, Page ID # 13011, citing *Bowman v. UBS Fin. Servs., Inc.*, 2007 WL 1456037, at *3 (N.D. Cal. May 17, 2007). However, if Defendants/Appellants were to avoid defending Appellants' pending California lawsuits because of their failure to submit "wet ink" signatures, Respondents (GM, in particular) would actually be enjoying an undeserved windfall. This does not constitute prejudice. *In re Processed Egg Products Antitrust Litig.*, 130 F. Supp. 3d 945, 954 (E.D. Pa. 2015), citing *O'Brien, supra,* 188 F.3d at p. 127 ("In the context of excusable neglect, when the claimed prejudice is, in reality, the loss of a windfall rather than an affirmative injury to the non-movant, there is no real prejudice to the non-movant"); *see also Pratt v. Philbrook*, 109 F.3d 18, 22 (1st Cir.1997) ("Of course, it is always prejudicial for a party to have a case reopened after it has

been closed advantageously by an opponent's default. But we do not think that is the sense in which the term 'prejudice' is used in Pioneer").

Furthermore, all of the cases cited by the parties opposing Appellant's Motion(s) for Good Cause[19] were inapposite because they involved *untimely* out-out forms. Here, Appellants out-outs were *timely,* each submitted prior to the opt-out deadline. Decl. of Yousef Farah, RE 241, Page ID # 12220; Decl. of Amelia Dag, RE 244, Page ID # 12247; Decl. of Cindy Leggett, RE 247, Page ID # 12274.

Second, there was no delay presented by Appellants' opt-out forms. While Defendants/Respondents claimed that Appellants' delay was "substantial,"[20] this is simply not supported by the record as Appellants each submitted timely out-out forms to the Settlement Administrator. Decl. of Yousef Farah, RE 241, Page ID # 12220; Decl. of Amelia Dag, RE 244, Page ID # 12247; Decl. of Cindy Leggett, RE 247, Page ID # 12274.

---

[19] *In re Diet Drugs Products Liab. Litig.*, 92 Fed. Appx. 890, 893–94 (3d Cir. 2004) (unpublished) *In re Turkey*, 2025 WL 1870729, at *5; *In re Dvi, Inc. Securities Litig.*, 2016 WL 1182062, at *8; *Bowman v. UBS Fin. Servs., Inc.*, 2007 WL 1456037, at *3 (N.D. Cal. May 17, 2007)

[20] Joint Omnibus Opposition to Motions Challenging Invalidity of Requests for Exclusion, RE 271-8, Page ID # 13011.

Third, the reason for the delay was not within the reasonable control of Appellants. This factor was paramount to the District Court's determination that Appellants' failure to provide "wet ink" signatures did not constitute excusable neglect. Order Re: Movants' Motions Challenging Invalidity of Requests for Exclusion, RE 287, Page ID # 14323-14324. ("Here, reading and understanding the notice and settlement agreement and submission of the opt-out forms with a personal signature was completely within the Movants' 'reasonable control.'") Again,[21] the District Court's finding is dubious given the inadequacy of the notice to Appellants of a supposed "wet ink" signature requirement. In short, Appellants received a posted notice with *no reference* to the Settlement Agreement referring them to the website https://www.boltevbatterysettlement.com/ (Decl. of Cindy Leggett, RE 247, Page ID # 12277-12278; Settlement Agreement, RE 157-2, Page ID # 9846-9847); the website informed Appellants that merely "Your signature and the date you signed it" (Settlement Agreement, RE 157-2, Page ID # 9838-9839); and the Settlement Agreement itself required opt-out forms to be "personally signed," a term that has been consistently interpreted as distinguishing

---

[21] *See* Section B, "Notice of a 'Wet ink' Signature Requirement Was Inadequate," above.

between an "individual" signature versus a "mass" opt-out form signed by counsel. *See Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 354 (6th Cir. 2009); In re Deepwater Horizon, 819 F.3d 190, 197 (5th Cir. 2016); *In re Centurylink Sales Practices and Securities Litig.*, No. CV 17-2832, 2020 WL 3512807, at *3 (D. Minn. June 29, 2020); *Hallie v. Wells Fargo Bank, N.A.*, No. 2:12-CV-00235-PPSCASE APR, 2015 WL 1914864, at *4 (N.D. Ind. Apr. 27, 2015).

Here, Appellants did everything that was required of them to timely opt out of the Class: (1) they provided the required information; (2) they *personally signed* the opt-out forms; and (3) they timely mailed the forms to the Settlement Administrator. Making the leap to understand that the Settlement Agreement required a "wet ink" signature was manifestly out of Appellants' control.

Fourth, Appellants indisputably acted in good faith. Again, they did everything that was required of them by the notice and settlement agreement to opt out of the Class. Neither the District Court nor the parties opposing Appellants' Motion(s) for Good Cause found or alleged any bad faith acts by Appellants.

In conclusion, that a valid out-out requires a "physical signature" is not something that is apparent either from the Settlement Agreement itself,[22] nor from the Legal Notice provided to Appellants (nor from the website setting forth the requirements from the out-out). *See* Settlement Agreement, RE 157-2, Page ID # 9750-9823. None of these documents would lead a reasonable person to determine that a "physical signature" or "wet ink signature" is required for a valid out-out. Indeed, Appellants made a good faith effort to submit a valid opt-out request and the District Court should have determined those efforts to have constituted valid out-outs.

## IX.   CONCLUSION

Appellants respectfully request that this Court reverse the District Court's Order Regarding Movants' Motions Challenging Determination of Invalidity of Requests for Exclusion with instructions to the District Court to have Appellants' "Request(s) for Exclusion" deemed as valid out-outs.

---

[22] *See* the argument above regarding the ambiguous nature of the term "personally signed."

41

DATED: May 15, 2026                    Respectfully submitted,

                                       /s *Jordan G. Cohen*
                                       Jordan G. Cohen
                                       CONSUMER LAW EXPERTS, PC
                                       800 Parkview Drive North
                                       El Segundo, California 90245
                                       Telephone: (310) 442-1410
                                       *jordan@nolemon.com*

                                       *Counsel for Plaintiffs-Appellants*
                                       *Yousef Abed Farah, Cindy Leggett,*
                                       *and Amelia Natt Och Dag*

## X.    CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel for Plaintiffs-Appellants certifies that this motion:

(i) complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 7,873 words, including footnotes and excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f);

(ii) complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it was prepared using Microsoft Word and is set in 14-point Century Schoolbook font.

Date: May 15, 2026          /s *Jordan G. Cohen*
                            Jordan G. Cohen

## XI.  CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing motion on May 15, 2026, with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system, which will serve all counsel of record.

/s *Jordan G. Cohen*
Jordan G. Cohen

# XII. ADDENDUM: DESIGNATION OF DOCUMENTS

U.S. District Court for the Eastern District of Michigan at Detroit
Case No. 2:20-cv-13256
The Honorable Terrence George Berg

| Date | RE No. | Description | Page Nos. |
|---|---|---|---|
| 12/11/2020 | 1 | COMPLAINT -- CLASS ACTION filed by Robin Altobelli, F. Dayle Andersen against General Motors LLC. | 1-45 |
| 05/16/2024 | 157 | MOTION Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Appointment of Co-Lead Class Counsel by All Plaintiffs. | 9750-9874 |
| 08/16/2024 | 167 | MOTION Motion to Allow Electronic Opt Outs by HOP Individual Class Members. | 10160-10180 |
| 09/26/2024 | 174 | ORDER Granting Plaintiffs' MOTION Unopposed Motion for Preliminary Approval of Class Action Settlement and Appointment of Co-Lead Class Counsel. | 10293-10314 |
| 10/28/2024 | 177 | ORDER Denying Movants' Motion to Allow Electronic Opt-outs. | 10319-10329 |
| 05/13/2025 | 198 | DECLARATION by Lana Cooper re Requests for Exclusion. | 10747-10780 |
| 05/23/2025 | 201 | DECLARATION by Lana Cooper re Requests for Exclusion. | 10848-10882 |
| 05/29/2025 | 203 | STIPULATION AND ORDER Regarding Procedure for Challenging Determination of Validity of Requests for Exclusion. | 10886-10894 |

| Date | RE No. | Description | Page Nos. |
|---|---|---|---|
| 07/10/2025 | 237 | MOTION for Good Cause as to Why Plaintiff's Opt Out Should Be Treated as Valid by Yousef Abed Farah. | 12152-12159 |
| 07/10/2025 | 241 | DECLARATION by Yousef Abed Farah re MOTION for Good Cause as to Why Plaintiff's Opt Out Should Be Treated as Valid filed by Yousef Abed Farah. | 12219-12225 |
| 07/10/2025 | 243 | MOTION for Good Cause As To Why Plaintiff's Opt Out Should Be Treated As Valid by Amelia Natt Och Dag. | 12238-12245 |
| 07/10/2025 | 244 | DECLARATION by Amelia Natt Och Dag re MOTION for Good Cause As To Why Plaintiff's Opt Out Should Be Treated As Valid filed by Amelia Natt Och Dag. | 12246-12252 |
| 07/10/2025 | 246 | MOTION for Good Cause as to Why Plaintiff's Opt Out Should Be Treated as Valid by Cindy Leggett. | 12265-12273 |
| 07/10/2025 | 247 | DECLARATION by Cindy Leggett re MOTION for Good Cause as to Why Plaintiff's Opt Out Should Be Treated as Valid filed by Cindy Leggett. | 12274-12290 |
| 7/10/2025 | 249 | Omnibus DECLARATION by Jordan G. Cohen. | 12323-12332 |
| 07/31/2025 | 271 | RESPONSE to MOTION for Good Cause As To Why Plaintiff's Opt Out Should Be Treated As Valid. | 12954-13750 |
| 10/17/2025 | 287 | ORDER Regarding Movants' Motions Challenging Determination of Invalidity of Requests for Exclusion. | 14299-14326 |

| Date | RE No. | Description | Page Nos. |
|---|---|---|---|
| 12/22/2025 | 309 | OPINION AND ORDER Granting Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement. | 15503-15550 |
| 01/20/2026 | 318 | NOTICE OF APPEAL by Yousef Abed Farah, Cindy Leggett, Amelia Natt Och Dag. | 15585 |